UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WILLIAM STEPP,<br><br>Plaintiff,<br><br>v.<br><br>IN RE: WRIT OF HABEAS CORPUS,<br><br>Defendant. | Case No.  20-cv-01688-JD<br><br>**ORDER RE MOTION TO DISMISS AND CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. No. 18 |

Robert William Stepp, a state prisoner, filed pro se a habeas petition under 28 U.S.C. § 2254.  Respondent filed a motion to dismiss on the grounds that the petition is barred by the statute of limitations.  Stepp has not filed an opposition or otherwise communicated with the Court despite being provided an additional reminder.  Docket No. 19.  The Court nevertheless has reviewed the motion, and it is granted.

**STATUTE OF LIMITATIONS**

The Antiterrorism and Effective Death Penalty Act of 1996 imposes a statute of limitations on petitions for writs of habeas corpus filed by state prisoners.  Petitions filed by prisoners challenging noncapital state convictions or sentences must be filed within one year of the latest of the date on which:  (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).  Time during which a properly filed application for state post-conviction

or other collateral review is pending is excluded from the one-year time limit.  28 U.S.C. § 2244(d)(2).  The one-year period generally will run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

**Background**

In 2017, Stepp pled no contest to attempted murder and admitted a great bodily injury allegation and one prior strike conviction.  Motion to Dismiss ("MTD") Ex. A at 6-12 of 134.  On November 16, 2017, Stepp was sentenced to twenty-one years in prison.  *Id*. at 13-17 of 134.  Stepp did not file a direct appeal.

On February 16, 2019, Stepp filed a habeas petition in the Humboldt County Superior Court.  *Id*. Ex. B. at 39 of 134[1]  The superior court denied the petition on March 7, 2019.  Petition (Docket No. 1) at 53-56.

On July 17, 2019, Stepp filed a habeas petition in the California Court of Appeal.  MTD Ex. C.  The court denied the petition on August 29, 2019.  *Id*.

On September 13, 2019, Stepp filed a petition in the California Supreme Court.  *Id*. Ex. D at 53 of 134.  The court denied the petition on January 2, 2020.  *Id*. at 133 of 134

Stepp filed this petition on February 22, 2020.  Petition at 89.

**Discussion**

Stepp's state court judgment became final on January 15, 2018, sixty days after sentencing, when the deadline for filing a notice of appeal expired.  *See* Cal. Rule of Court 8.308(a) (notice of appeal must be filed within 60 days of criminal judgment); *see also Mendoza v. Carey*, 449 F.3d 1065, 1067 (9th Cir. 2006) (California conviction becomes final 60 days after judgment if not appealed).  The one-year limitations period began to run the next day, January 16, 2018, and expired one year later on January 15, 2019.  *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (calculating AEDPA's one-year limitation period according to Federal Rule of Civil

---

[1] The Court affords petitioner application of the mailbox rule as to the filing of his pro se habeas petitions in state and federal court.  *Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities).

United States District Court
Northern District of California

Procedure 6(a)).  This federal petition filed on February 22, 2020, is untimely by more than one year, unless Stepp is entitled to tolling.

Stepp's first state habeas petition was filed on February 16, 2019, approximately one month after the expiration of the statute of limitations.  He will not receive statutory tolling for this petition or the subsequent filings because they were filed after the expiration of the statute of limitations.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed).

Even if Stepp had presented an argument to provide tolling for one month, from the date the statute of limitations expired to the date he filed his first state habeas petition, this federal habeas action would still be untimely.  Stepp's state habeas petitions concluded when the California Supreme Court denied his petition on January 2, 2020.  He did not file this federal petition until February 22, 2020, more than six weeks later.  Even if Stepp were permitted to toll the period from the date the statute of limitations expired to the date he filed his first state habeas petition and for the entirety that his state habeas petitions were pending, this federal petition would still be untimely.  There is no statutory tolling for the period from the denial of the final state petition to the filing of a federal petition.  *See Nino v. Galaza*, 183 F.3d 1003, 1006-07 (9th Cir. 1999), *overruled on other grounds by Harris v. Carter*, 515 F.3d 1051, 1053 (9th Cir. 2008) (holding statute of limitations is not tolled between denial of state habeas petition and filing of federal habeas petition).

**CONCLUSION**

1.      Respondent's motion to dismiss (Docket No. 18) is **GRANTED** and this case is **DISMISSED**.  The Clerk is requested to close the case.

2.      A certificate of appealability ("COA") will not issue because this is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court declines to issue a COA regarding the procedural holding or the underlying claims of

United States District Court
Northern District of California

the petition.

      **IT IS SO ORDERED.**

Dated:  April 13, 2021

_____
JAMES DONATO
United States District Judge

4